CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
February 02, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Kevin L. Keithley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25-cv-00086 |
| | ) | |
| Rebecca C. Hryvniak *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff Kevin L. Keithley's emergency motion for a temporary restraining order ("TRO"), (Dkt. 11), motion requesting that the United States Marshals Service ("USMS") serve the Defendants, (Dkt. 10), motion for extension of time to complete service of process, (Dkt. 8), and motion to stay proceedings, (Dkt. 3). Keithley, proceeding *pro se*, requests a TRO requiring Defendant Jon Zug, in his official capacity as Clerk of the Circuit Court of Albemarle County, to "immediately accept and docket Plaintiff's [state court] pleading." (Dkt. 11-1 at 2.) He also seeks to restrain Zug, Defendant Rebecca C. Hryvniak, and all persons acting in concert from "refusing or delaying the docketing of that pleading based on Plaintiff's pro se status or Defendants' status as respondents." (*Id.*) For the following reasons, the court will deny Keithley's motion for TRO, motion for USMS service, and motion to stay proceedings. The court will grant in part and deny in part Keithley's motion to extend the service deadline.

## I.   Background

On October 24, 2025, Keithley filed a complaint against fifteen Defendants alleging several causes of action, including constitutional violations under 42 U.S.C. § 1983. (Compl. (Dkt. 1).) His claims stem from a probate dispute in Albemarle County Circuit Court. (*Id.* at 3–15.) The complaint asks this court for a range of declaratory and injunctive relief, including "[v]oiding all [state court] proceedings since October 26, 2023" and directing the Virginia Supreme Court to "conduct a comprehensive systemic review." (*Id.* at 56–60.)

On November 3, 2025, Keithley moved to stay all proceedings in this federal action "pending the Virginia Supreme Court's resolution of related state court proceedings." (Dkt. 3 at 4.) Soon after, clerk-issued summonses were mailed to Keithley for each of the fifteen named Defendants. (*See* Dkts. 4, 6.) On January 13, 2026, Keithley moved under Federal Rule of Civil Procedure 4(m) for an extension of time to complete service of the complaint and summons on Defendants. (Dkt. 8.)

The following week, on January 22, 2026, Keithley filed a TRO motion alleging that Defendants Zug and Hryvniak refused to accept and docket Keithley's pleading in the Circuit Court of Albemarle County. (Dkt. 11; Dkt. 11-2 at 1; Dkt. 11-4 at 1.) Specifically, Keithley alleges that he attempted to file a "Motion to Vacate All Orders and Proceedings as Void Ab Initio" in the Circuit Court, but the state court staff did not docket the pleading because of Keithley's *pro se* status and "Defendants' status as respondents." (Dkt. 11-2 at 1–2; Dkt. 11-1 at 2.)

Keithley attached a separate "Verified Complaint for Declaratory and Emergency Injunctive Relief" to his TRO motion. (Dkt. 11-5.) This complaint includes factual allegations

that Keithley did not raise in his original complaint surrounding Defendants' alleged failure to docket Keithley's state-court filing. For the court to consider these new allegations, Keithley must either file an amended complaint in this case or file an entirely new case. The court will, however, afford Keithley deference given his *pro se* status and construe his other signed declarations and certifications in support of the TRO motion, (Dkts. 11-2, 11-3, 11-4), as "affidavits" pursuant to 28 U.S.C. § 1746. *See Convisser v. Exxon Mobil Corp.*, No. 3:24-cv-00072, 2024 WL 4230094, at *1 (W.D. Va. Sept. 18, 2024); *Wright v. Virginia Dep't of Soc. Servs.*, No. 7:25-cv-00898, 2025 WL 3688800, at *1 n.3 (W.D. Va. Dec. 19, 2025).

On the same day as the TRO filing, Keithley filed a motion for an order directing service by the USMS pursuant to Rule 4(c)(3). (Dkt. 10.) In it, he asks the court to order the USMS to serve his summons and complaint upon all Defendants. (*Id.*)

## II. Analysis

### A. Motion for Order Directing Service by the U.S. Marshals Service (Dkt. 10)

Generally, the plaintiff is responsible for serving the summons and complaint on defendants within the time permitted by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(c)(1); *see id.* 4(m). There is, however, a limited exception under Rule 4(c)(3): "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). Unless the plaintiff is proceeding *in forma pauperis*, in which case the USMS service is mandatory, this decision "falls within the discretion of the court." *Tolle v. Northam*, No. 1:20-cv-00363, 2020 WL 1955281, at *2 (E.D. Va. Apr. 8, 2020) (quoting *Blackburn v. Catawba Cnty.*, No. 5:19-cv-00101, 2020 WL 718272, at *3 (W.D.N.C. Feb. 12, 2020)).

Keithley asks this court to exercise its discretion and direct service by the USMS for all fifteen Defendants in this case. Because Keithley is not proceeding *in forma pauperis*, the court is not obliged to order the USMS to serve the Defendants. Nevertheless, Keithley argues that USMS service is "appropriate and efficient" and "conserve[s] judicial resources" because "[s]everal defendants are governmental officials or entities, and others are private parties located both within and outside the Western District of Virginia." (Dkt. 10 ¶ 4.) These proffered reasons are unconvincing. In fact, ordering the USMS to serve *depletes* rather than conserves judicial resources. "The United States Marshals Service has limited resources that must first go towards courthouse security and other urgent matters." *Thresher v. Northam*, No. 3:20-cv-00307, 2020 WL 6323759, at *1 (E.D. Va. May 8, 2020). Further, *pro se* status alone does not justify USMS service. *See Bates v. Starnes*, No. CIV.JFM-04-1956, 2005 WL 705345, at *2 (D. Md. Mar. 24, 2005). Keithley provides no persuasive reasons why a private process server could not serve Defendants. Accordingly, the court will deny Keithley's motion for an order directing service by USMS.[1]

### B. Motion for Extension of Time Under Rule 4(m) (Dkt. 8)

Federal Rule of Civil Procedure 4(m) states that if a plaintiff does not serve the summons and complaint on a defendant within 90 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). A court may extend the time for service "for an appropriate period" upon the plaintiff's showing of good cause. *Id.* To establish good

---

[1] The Federal Rules of Civil Procedure and Pages 15–17 of the Western District of Virginia's *Pro Se* Handbook, which can be found at https://www.vawd.uscourts.gov/filing-without-an-attorney/pro-se-handbook/, explain how a plaintiff like Keithley should provide service. *See* Fed. R. Civ. P. 4(b), 4(c).

- 4 -

cause for an extension, a plaintiff must show diligence. *Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022). Accordingly, courts often find good cause "when the failure of service is due to external factors, such as the defendant's intentional evasion of service." *Id.* (quoting *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019)). On the other hand, "significant periods of inactivity" tend to weigh against a finding of good cause. *Id.*

Here, Keithley filed a motion on January 13, prior to his 90-day deadline, asking the court to extend the time for service. (Dkt. 8.) He asks to impose a new deadline of "the earlier of: (1) thirty (30) days after the Virginia Circuit Court rules on Plaintiff's pending Motion to Vacate All Orders And Proceedings As *Void Ab Initio*, or (2) June 1, 2026." (*Id.* at 1.) Keithley explains that he was waiting for resolution of his pending motion to stay, which he had filed two months before. (*Id.*) Keithley properly filed his motion before the 90-day deadline for service of process. Although he does not demonstrate that he made any efforts to attempt service, the court affords deference to Keithley's *pro se* status and will extend the service deadline.

However, Keithley asks for an indefinite extension tied to an unknown future state-court ruling. (*Id.*) In the alternative, he asks for a June 1, 2026 deadline, which is almost six months after his initial service deadline. (*Id.*) The court finds that a 90-day extension is more appropriate and prevents prejudice against either party. Keithley is directed to properly serve Defendants within ninety days of the date of this Order.

### C. Motion for Temporary Restraining Order (Dkt. 11)

A temporary restraining order "is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit." *Di Biase v. SPX*

*Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). Rule 65(b) allows a court to "issue a temporary restraining order without written or oral notice to the adverse party or its attorney" *only if*:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). These two stringent requirements for *ex parte* temporary restraining orders reflect the fact that "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 438–39 (1974). Accordingly, the "safeguards for the issuance of temporary restraining orders . . . must be scrupulously honored." Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2952 (3d ed.). The court should issue temporary restraining orders only "sparingly and in limited circumstances." *Gallant v. Deutsche Bank Nat. Tr. Co.*, No. 3:10-cv-00006, 2010 WL 537874, at *1 (W.D. Va. Feb. 11, 2010) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991)).

In addition to the two threshold requirements, the movant must also fulfill the four prongs of the *Winter* test. Specifically, the movant must demonstrate by a "clear showing" that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm without preliminary relief; (3) the balance of equities tips in his favor; and (4) a preliminary injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Di Biase*,

872 F.3d at 230.  For the court to grant relief, the irreparable harm must be "actual and imminent" rather than "remote [or] speculative."  *Direx Israel, Ltd.*, 952 F.2d at 812.

Keithley does not demonstrate that he has met either one of the threshold Rule 65(b) requirements for issuing a temporary restraining order without notice.  At the outset, the court notes that Keithley only appears to move for a TRO against two of the fifteen named Defendants, Zug and Hryvniak, as they are the only Defendants in the case caption of the TRO motion and its attachments.  (*See* Dkts. 11–11-5.)  It appears that Keithley has not made any effort to give them notice, as he expressly states that he "has not provided notice" to Defendants.  (Dkt. 11-3 ¶ 2.)  Keithley then explains that "[s]ervice is being effected through the United States Marshals Service pursuant to Court procedures applicable to pro se litigants, and service has not been completed on any Defendant as of the time of this filing." (*Id.*)  He asserts that notice should not be required because it is "impracticable" and "would risk further delay" of the docketing of Keithley's pleading.  (*Id.* ¶ 3.)  But Keithley filed his motion asking USMS to serve the Defendants on January 22, 2026—the same day he filed his TRO motion. (*See* Dkts. 10, 11.)  Keithley cannot rely on his own failure to serve Defendants in the months after filing his initial complaint as reason to withhold notice of the TRO motion.

Moreover, Keithley does not allege *specific facts* in his affidavit showing immediate and irreparable injury.  His broad allegations that "Defendants refused to accept and docket [his] pleading," (Dkt. 11-2 at 1), do not meet the "high threshold necessary to warrant the extreme remedy" of issuing an *ex parte* TRO before Defendants are given an opportunity to respond.

*See Stepansky v. Sw. Reg'l Jail Auth.*, No. 7:23-cv-698, 2024 WL 3535138, at *2 (W.D. Va. July 25, 2024).

Even if Keithley had met the threshold procedural requirements for a TRO, which he does not, he fails to offer any arguments beyond conclusory statements of the law on the *Winter* test—his likelihood of success on the merits at trial, the balance of equities, or the public interest. *Winter*, 555 U.S. at 20. Furthermore, in his TRO, Keithley asks for injunctive relief requiring the state-court clerk to immediately docket a pleading. (Dkt. 11-1 at 2.) But federal courts do not have authority or jurisdiction to require a state court to take such action. *See, e.g.*, *Mujahid-Bey v. Conaway*, No. 24-cv-00658, 2024 WL 1179009, at *1 (D. Md. Mar. 19, 2024) ("This Court is without authority to direct [the state-court clerk defendant] to process Plaintiff's filings."); *Jiggetts v. Mosby*, No. CV ELH-20-493, 2020 WL 998737, at *1 (D. Md. Mar. 2, 2020) ("This [federal district] court does not have jurisdiction to require a state court or agency to take action or refrain from an action."); *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969) (federal district and appellate courts lack jurisdiction to issue a writ of mandamus directing a state court to entertain a motion). The injunctive relief Keithley seeks is unavailable.

Keithley fails to meet the Rule 65(b) requirements for a TRO without notice. Accordingly, the court will deny Keithley's emergency motion for TRO.

**D. Motion to Stay (Dkt. 3)**

In his motion to stay, Keithley asks that this court "stay all proceedings, including defendants' obligation to answer or move, pending the Virginia Supreme Court's decision in parallel proceedings." (Dkt. 3 at 4.) This motion is premature, as the plaintiff has not yet

effectuated service of process on any of the Defendants. In fact, the Defendants do not even know this lawsuit has been filed. "There is no reason for a stay until, at the earliest, the defendants have been served and responded to the complaint." *Alexander v. Johnson*, No. 1:24-cv-00731, 2025 WL 1530049, at *7 (M.D.N.C. May 29, 2025). Plus, "if there has been no service, there is no foundation for further proceedings against unserved parties." *Baines v. City of Danville, Va.*, 337 F.2d 579, 599 (4th Cir. 1964), overruled on other grounds by *Mitchum v. Foster*, 407 U.S. 225 (1972). Accordingly, the court finds it improper to stay the case indefinitely without giving Defendants the opportunity to respond to the motion. The court will deny Keithley's motion to stay.

### IV. Conclusion

For the foregoing reasons, Keithley's motion to stay proceedings, (Dkt. 3), motion to direct USMS to serve Defendants, (Dkt. 10), and emergency motion for a temporary restraining order, (Dkt. 11), will be **DENIED**. Keithley's motion for an extension to serve the complaint and summons on Defendants, (Dkt. 8), will be **GRANTED in part** and **DENIED in part**. It is **ORDERED** that Keithley shall effectuate service of process on Defendants by ninety days from the date of this Memorandum Opinion and Order.

An appropriate Order shall accompany this Memorandum Opinion.

**ENTERED** this __2nd__ day of February, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE