IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

KEVIN L. KEITHLEY,                          )
                                            )
Plaintiff,                                  )
                                            )
v.                                          )          3:25-cv-00086-JHY-JCH
                                            )
REBECCA C. HRYVNIAK, et al.,                )
                                            )
Defendants.                                 )

**PLAINTIFF'S OPPOSITION TO DEFENDANT SCOTT KRONER, P.L.C.'S**

**MOTION TO DISMISS THE AMENDED COMPLAINT (ECF No. 49)**

Defendant Scott Kroner, P.L.C., the private firm that employs Commissioner Hryvniak and her staff, moves to dismiss on two grounds that cannot both be right. It first argues Commissioner Hryvniak's conduct is immune and her immunity passes to the firm because she acted within the scope of her firm employment. It then argues the opposite; the firm is not vicariously liable because Commissioner Hryvniak acted "exclusively as an arm of the court" and performed no job-related service for the firm at all. The firm cannot have it both ways. Either the challenged conduct was within the scope of firm employment, in which case the respondeat superior theory proceeds, or it was outside that scope, in which case the firm's claim to share an immunity grounded in the firm relationship collapses. Under Virginia law, scope of employment is ordinarily a question of fact, and the nature of each challenged act, adjudicative or administrative, governs both the immunity and the scope inquiries. Neither can be resolved against Plaintiff on the pleadings. The motion should be denied, and in no event should any dismissal be with prejudice. Scott Kroner is named in Counts I, II, and IV, and this opposition addresses each. As to the Rule 12(b)(6) grounds, Plaintiff relies solely on the First Amended Complaint and the exhibits it incorporates, submits no matter outside the pleadings, and does not invite conversion to summary judgment. Fed. R. Civ.

1

P. 12(d); *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). The Clerk's Roseboro notice (ECF No. 53) advises the motion may be construed under Rule 56 if matters outside the pleadings are considered; Plaintiff submits none, and the firm's invitation to weigh its state-court exhibits is improper at this stage.

## I. Scope of Employment Is Ordinarily a Question of Fact, and Dismissal of the Respondeat Superior Claim on the Pleadings Is Premature.

Under Virginia law, an employer may be vicariously liable where the employee was performing a job-related service in furtherance of the employer's business. *Parker v. Carilion Clinic*, 296 Va. 319, 338 (2018); *Doe v. Baker*, 299 Va. 628 (2021). The firm relies on *Parker* for the proposition that the act must occur while the employee was "performing a specific job-related service for the employer." (ECF No. 50, at 7.) But *Parker* and *Doe* confirm that this inquiry is fact-intensive, and Virginia ordinarily reserves the question of scope of employment for the factfinder. It may be resolved as a matter of law only where the facts permit no reasonable inference that the conduct was connected to the employee's assigned duties or undertaken in furtherance of the employer's business.

That is not this case. The Amended Complaint identifies the specific firm resources through which the challenged conduct was carried out: the Amended Complaint alleges that "The firm provides Defendant Hryvniak's Commissioner-of-Accounts office address, the email account COA@scottkroner.com, telephone and facsimile lines, and the staff support of Defendants Morris" and Lam. (FAC ¶ 122; Ex. M, KK-FAC 00047–00049.) Those are four concrete, firm-supplied instrumentalities: the office address, the firm email account, the firm telephone and facsimile lines, and the firm's own personnel, through which the directed communications to Plaintiff were routed. On the "specific job-related service" inquiry the motion invokes (ECF No. 50, at 7), those allegations supply the connection between the challenged conduct and the firm's business that

2

*Parker* requires the factfinder to weigh; they are not the absence of such a connection. Those allegations permit the reasonable inference at least some of the challenged conduct, particularly the directed staff communications and administrative activity, was carried out through and in connection with the firm's resources and personnel. Whether that conduct was a job-related service of the firm or was instead purely court-delegated is precisely the kind of fact-bound, competing-inference question that Virginia law commits to the factfinder. The firm's motion asks this Court to resolve that question against Plaintiff on the pleadings, drawing the inference that all the conduct was exclusively court-delegated. That inference must be drawn in Plaintiff's favor at this stage, not the firms, and dismissal of the respondeat superior claim is therefore premature.

The motion's attempt to treat Morris and Lam as having done nothing firm-connected does not withstand the pleaded facts. As to Morris, the Amended Complaint alleges that she "is an associate at Scott Kroner, P.L.C." and that she "executed the July 11, 2023 'incapacity' email to Plaintiff and to State Farm's David Jenkins at Defendant Hryvniak's express direction, four days after Plaintiff's July 7, 2023, malpractice communication." (FAC ¶¶ 29, 61, 121.) As to Lam, the Amended Complaint alleges that she was among "three reviewers within or engaged through Defendant Hryvniak's office" who "reviewed Account One and the underlying promissory note documentation", the account whose later recharacterization is the asserted predicate for Plaintiff's removal. (FAC ¶¶ 30, 54.) Those are specific, dated allegations of identified firm personnel performing identified acts through the firm, not the absence of allegation the motion describes. The motion's premise that the allegations fail because Plaintiff does not plead that these communications were "negligent" (ECF No. 50, at 8) misstates the claim: Counts I, II, and IV do not sound in negligence but in retaliatory and concerted conduct under 42 U.S.C. § 1983, for which the relevant question is participation, not negligence. Whether Morris's and Lam's firm-channeled

3

acts were job-related services of the firm or were instead, as the firm contends, purely incidents of Commissioner work, is the same fact-bound, competing-inference question that governs the scope inquiry and cannot be resolved against Plaintiff on the pleadings.

**II. The Firm's Immunity Argument and Its Scope Argument Are in Tension, and Immunity Is Function-Specific.**

The firm's two arguments pull in opposite directions. Its derivative-immunity argument depends on the premise that Commissioner Hryvniak acted within the scope of her firm employment, for only then could her immunity be said to extend to the firm as her employer. (ECF No. 50, at 4.) Its respondeat superior argument depends on the opposite premise, that she acted wholly outside firm scope, "exclusively as an arm of the court." (*Id.* at 8.) The firm cannot simultaneously claim that the conduct was firm-scope (to borrow the immunity) and that it was not firm-scope (to escape vicarious liability). That tension cannot be resolved in the firm's favor on a Rule 12(b)(6) motion.

The tension is resolved, to the extent it can be at this stage, by recognizing that both immunity and scope turn on the nature of each challenged act. Absolute and quasi-judicial immunity depend on "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988). Quasi-judicial immunity is narrow: it attaches only to functions involving the discretionary judgment historically associated with adjudication, and not to ministerial, administrative, or operational conduct. *Antoine*, 508 U.S. 429, 435–37 (1993); *see Butz v. Economou*, 438 U.S. 478, 512–13 (1978). At this general level the doctrine is not in dispute: a Commissioner of Accounts performing the neutral function of account-review and reporting enjoys quasi-judicial immunity for that function. That proposition does not decide this case, and it is not a concession as to any other act by the Commissioner or by the firm. The Amended Complaint expressly states that this Count "is directed at Defendant Hryvniak's

4

ministerial and administrative conduct — including the procurement of orders without Plaintiff's notice or endorsement, the directed communications through firm staff, and her conduct as a Partner of Defendant Scott Kroner, P.L.C. — and is not directed at any quasi-judicial function entitled to absolute immunity." (FAC ¶ 134.) The Amended Complaint likewise pleads, as to the related Count, that "The transmission of personal sanctions threats to a private citizen exercising First Amendment petitioning rights is not a quasi-judicial function." (FAC ¶ 125.) That allegation meets the motion's own example directly: the motion treats Commissioner Hryvniak's "July 31, 2023" communication "regarding sanctions" as within her commissioner role (ECF No. 50, at 6), but the transmission of a sanctions threat to a litigant over his petitioning is administrative conduct, not the adjudicative function to which quasi-judicial immunity attaches. The firm may not collapse that administrative and firm-connected conduct into the protected adjudicative role to claim a blanket immunity. Which acts were adjudicative and which were administrative is a function-specific question that cannot be decided on the pleadings. The firm's immunity is wholly derivative: it can rise no higher than the immunity of the employee from whom it is said to flow. Because quasi-judicial immunity does not reach Commissioner Hryvniak's non-adjudicative, administrative, and firm-connected conduct, an immunity derived from her cannot shield the firm for that same conduct. Which of her acts were adjudicative and which administrative is a function-specific question that cannot be decided on the pleadings.

The firm's own authority confirms the limit. Under Virginia law, an official claiming quasi-judicial immunity must satisfy a three-part test: a court must decide "whether the defendants were (1) performing judicial functions, (2) acting within their jurisdiction, and (3) acting in good faith." *Harlow v. Clatterbuck*, 230 Va. 490, 494 (1986). Those requirements are conjunctive, and the first incorporates the same functional comparability test the firm invokes, under which immunity

reaches only a procedure that "shares enough of the characteristics of the judicial process" to warrant it. *Butz*, 438 U.S. at 512–13; *Harlow*, 230 Va. at 494. Immunity extends to officials other than judges only "because their judgments are 'functionally comparable' to those of judges," that is, "because they, too, 'exercise a discretionary judgment' as a part of their function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. at 436. The Amended Complaint pleads conduct outside that function and outside good faith: administrative and ministerial acts that require no such discretionary judgment, and the procurement of orders without Plaintiff's notice or endorsement, conduct inconsistent with the good-faith prong *Harlow* requires. Because immunity fails if any prong is unmet, the firm cannot establish on the pleadings that every challenged act satisfies all three.

The commissioner-status authority the firm stacks does not change this. That "a commissioner is a quasi judicial officer," *Mountain Lake Land Co. v. Blair*, 109 Va. 147, 159 (1909), and that commissioners performing quasi-judicial functions are entitled to immunity, *Davis v. Hudgins*, 896 F. Supp. 561, 570 (E.D. Va. 1995), establishes status and protects the adjudicative function; it does not immunize every act a commissioner performs. Immunity turns on "the nature of the function performed, not the identity of the actor who performed it." *Forrester*, 484 U.S. at 229. A quasi-judicial officer who steps outside the adjudicative function into administrative, ministerial, or bad-faith conduct does not carry the immunity with her, and an immunity the firm can claim only derivatively can rise no higher than the immunity of the officer from whom it is said to flow.

### III. The Section 1983 Claim Against the Firm Proceeds, If at All, Through Joint Participation, Not Automatic Vicarious Liability.

The firm's federal-liability argument addresses a theory the Count does not depend on. The federal claim against the firm does not rest on automatic employer attribution; it rests on the firm's

6

own joint participation. A private entity may be liable under Section 1983 where it is a willful participant in joint action with a state actor. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982); *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). The live federal question, then, is not whether the firm is vicariously liable as an employer, but whether the firm, through its principals and the resources and personnel it supplied, plausibly participated in coordinated conduct under color of state law. That is a question of the sufficiency of the joint-participation allegations, not of automatic vicarious attribution. To the extent the motion faults the Amended Complaint for invoking "Virginia statutory liability of professional corporations" without identifying a statute (ECF No. 50, at 9), that reference is cumulative. The firm's liability rests on common-law respondeat superior and on Section 1983 joint participation, both of which are pleaded and neither of which depends on the statutory-liability reference; any want of specificity in that cumulative reference is at most a curable pleading matter, not a basis for dismissal of the claims stated.

**IV. The Amended Complaint Pleads Concrete Coordination, Not Conclusory Labels.**

A Section 1983 conspiracy requires factual allegations supporting a meeting of the minds and concerted action, not conclusory labels. The motion's own authority confirms the governing standard: although "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure," pro se pleadings are still construed liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), overruled on other grounds by *Britt v. Dejoy*, 45 F.4th 790 (4th Cir. 2022). The Amended Complaint satisfies that standard with concrete facts, not labels: the firm's provision of Commissioner Hryvniak's office address, the COA@scottkroner.com email account, and the staff support of Defendants Morris and Lam through whom directed communications flowed. (FAC ¶ 122; Ex. M, KK-FAC 00047–00049.) *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011); *Simmons v. Poe*, 47 F.3d

1370, 1377 (4th Cir. 1995). Those cases require factual content; they do not bar a conspiracy claim supported by concrete coordination facts. The Amended Complaint pleads such facts: the timing of Commissioner Hryvniak's recharacterization within days of Defendant Bowling's intervention, and the directed communications routed through firm staff and resources. (FAC ¶¶ 121, 145.) The firm responds that its exhibits show the underlying conduct was "proper" and "on their face" innocent. (ECF No. 50, at 10.) But that argument asks the Court to weigh the documents and draw inferences in the firm's favor, whether the coordination was innocent or concerted, which is improper on a Rule 12(b)(6) motion. The Court may note the existence of the state-court records, but it may not resolve the disputed inferences they bear on against Plaintiff at the pleading stage; those inferences must be drawn in Plaintiff's favor. The motion's own authority confirms the limit: on a Rule 12(b)(6) motion the court accepts the well-pleaded allegations as true and draws the reasonable inferences they support in the plaintiff's favor, not the defendants. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court may take note of the state-court records without weighing them to resolve, against Plaintiff, the competing inferences they bear on. Whether the documented coordination was innocent, as the firm contends, or concerted, as the Amended Complaint alleges, is precisely such a competing-inference question, and it cannot be resolved against Plaintiff on the pleadings.

To the extent the Court concludes that the joint-participation or conspiracy allegations against the firm are insufficiently particular, the appropriate remedy is leave to amend rather than dismissal with prejudice. Fed. R. Civ. P. 15(a)(2). Rule 15(a) directs that leave to amend "shall be freely given when justice so requires," and "outright refusal to grant the leave without any justifying reason" is "merely abuse of that discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The motion seeks dismissal "with prejudice" (ECF No. 50, at 2, 11), but it identifies no justifying

reason (no undue delay, bad faith, or established futility) that would warrant denying leave as to a first challenge to these claims. The coordination among the firm's principals and staff, and the direction under which each acted, are matters within the firm's knowledge that may be developed, and a pro se plaintiff should ordinarily be afforded an opportunity to cure a curable deficiency before dismissal with prejudice.

**CONCLUSION**

The firm cannot both borrow Commissioner Hryvniak's immunity by asserting that she acted within firm scope and escape respondeat superior by asserting that she did not. Scope of employment is ordinarily a question of fact; quasi-judicial immunity is narrow and function-specific; and Section 1983 liability, if any, runs through joint participation rather than automatic vicarious attribution. None of these issues can be resolved against Plaintiff on the pleadings. Plaintiff respectfully requests that the Court deny the motion. To the extent the Court finds any claim insufficiently pleaded as to Scott Kroner, the proper remedy is leave to amend, not dismissal with prejudice. Leave to amend is to be freely given. Fed. R. Civ. P. 15(a)(2); *Foman*, 371 U.S. at 182.

Dated: June 23, 2026

Respectfully submitted,

_____/s/_____
Kevin L. Keithley, Pro Se
325 Sharon Park Drive, Suite 512
Menlo Park, CA 94025
(650) 361-1000
KevinTren@gmail.com

9

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2026, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, which will send a Notice of Electronic Filing (NEF) to all

counsel of record.


_____/s/_____
Kevin L. Keithley, Pro Se
325 Sharon Park Drive, Suite 512
Menlo Park, CA 94025
(650) 361-1000
KevinTren@gmail.com

10